UNITED STATES v. ONE CERTAIN SIX–PASSENGER, SIX–CYLINDER, FORTY–EIGHT HORSE POWER LOCOMOBILE.

(District Court, W. D. Washington, N. D.    April 17, 1917.)

No. 3370.

CUSTOMS DUTIES ☞132—FORFEITURES—RELIEF FROM FORFEITURE.

Under Rev. St. §§ 3061, 3062 (Comp. St. 1916, §§ 5763, 5764), authorizing searches and seizures of vehicles, etc., for violations of the customs laws, section 3087 (Comp. St. 1916, § 5790), requiring the collector to cause suit for a forfeiture to be commenced, and Act June 22, 1874, c. 391, § 17, 18 Stat. 189 (Comp. St. 1916, § 10132), providing that whenever any person, charged with having incurred any forfeiture, shall present his petition to the judge of the District Court, setting forth the facts and praying for relief, the judge shall, if the case requires, proceed to inquire in a summary manner into the circumstances of the case and transmit the facts appearing on the investigation, with a copy of the evidence, to the Secretary of the Treasury, the District Court cannot take jurisdiction, where no forfeiture has been declared, though an automobile has been seized for an alleged violation of the customs laws.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 335.]

Proceeding by the United States against One Certain Six-Passenger, Six-Cylinder, Forty-Eight Horse Power Locomobile.  On petition for return of the automobile.  Jurisdiction declined.

Clay Allen, U. S. Dist. Atty., of Seattle, Wash.

Hall & Cosgrove, of Seattle, Wash., for claimant.

NETERER, District Judge.  Lucile Gertrude Scharlin has presented a petition in which she alleges that she is the owner of a certain automobile, which is described, which was seized by a special agent of the collector of customs for alleged violation of the revenue laws, and says the exact nature of which is unknown to her, though she is informed by the United States district attorney that it was seized and is being held on the ground that it had been used in the transportation of opium and the derivatives of opium.  She denies it was so used, and prays that the car be returned, and—

"that if, in the opinion of this court, the case requires, said court shall proceed to inquire in a summary manner into the circumstances of the case, and that a time certain be fixed by this court and an order issued requiring said district attorney and said collector of customs to appear and show cause, if any they have, why this petition should be refused."

This car was seized under section 3061, Rev. Stat. U. S., and under section 3062, Rev. Stat., it is liable to forfeiture to the United States. It is not alleged in the petition that the car is forfeited, nor does the agreed statement of facts which has been filed disclose a forfeiture. Section 3087, Rev. Stat., provides that when any seizure is made the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes·

collector of customs shall cause suit for a forfeiture to be commenced. Act June 22, 1874, c. 391, § 17, provides that:

"Whenever, for an alleged violation of the customs revenue laws, any person who shall be charged with having incurred any * * * forfeiture * * * shall present his petition to the judge of the District [Court] in which the alleged violation occurred, or in which the property is situated, setting forth, truly and particularly, the facts and circumstances of the case, and praying for relief, such judge shall, if the case, in his judgment, requires, proceed to inquire, in a summary manner into the circumstances of the case, * * * of which the district attorney and the collector shall be notified by the petitioner, in order that they may attend and show cause why the petition should be refused."

The act further provides that the facts appearing at such summary investigation shall be stated and annexed to the petition, and, together with a certified copy of the evidence, transmitted to the Secretary of the Treasury, who shall have power to remit such forfeiture.

I think, from an examination of the petition, the agreed facts, and the law under which it is presented, that this court cannot take jurisdiction. The relief can only be had when the forfeiture has been declared. No forfeiture is alleged or shown, and without a forfeiture there is no relief which can be granted. The Supreme Court, in U. S. v. Morris, 10 Wheat. (23 U. S.) 295, 6 L. Ed. 314, in discussing this question, said:

"Nor will the remission be granted before condemnation, unless the petitioner will admit the forfeiture has been incurred."

In U. S. v. 150⁷/₁₂ Dozen Long Gloves (D. C.) 168 Fed. 1010, and The Princess, Fed. Cas. No. 11,431, it was held that until a forfeiture had been declared the court would not take cognizance of such petition.