### UNITED STATES v. HYDES.

(District Court, W. D. Washington, N. D.    June 25, 1920.)

No. 5171.

Intoxicating liquors ⊙⟶250—Procedure for forfeiture of vehicle used in transportation must be strictly followed.

Under National Prohibition Act, § 26, providing that, on seizure of liquor being illegally transported, the officer shall take possession of the vehicle and arrest any person in charge, and that on his conviction, unless good cause is shown, the court shall order a sale of the property seized, the procedure prescribed is jurisdictional, and the arrest of a defendant for a previous illegal transportation of liquor does not authorize the seizure without warrant, and forfeiture, of an automobile used in such transportation.

Criminal prosecution by the United States against A. Hydes. On motion for forfeiture of automobile. Denied.

Robert C. Saunders, U. S. Atty., and R. E. Capers, Asst. U. S. Atty., both of Seattle, Wash.

John F. Dore, of Seattle, Wash., for defendant.

NETERER, District Judge. The defendant was convicted of transporting intoxicating liquor in violation of the National Prohibition Act (41 Stat. 305), several gallons of alcohol. At the time of transportation the liquor was seized by an officer. The defendant was not arrested. About 10 days thereafter the defendant was arrested on a warrant duly issued, and the automobile in which the liquor was transported was seized without process, and forfeiture is demanded.

The right of the government to forfeit the automobile is challenged by the owner upon the ground that it was seized without warrant of law, in that it was not taken while in the act of doing the forbidden thing.

Section 26 of title 2 of the National Prohibition Act, under which the government seeks to forfeit the automobile, so far as pertinent, reads:

"When * * * any officer of the law shall discover any person * * * transporting in violation of the law, intoxicating liquor in any * * *

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

automobile * * * it shall be his duty to seize * * * all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported * * * shall be seized by an officer, he shall take possession of the vehicle * * * and shall arrest any person in charge thereof. * * * The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause * * * be shown * * * a sale * * * of the property seized. * * *"

The forfeiture demanded is a proceeding in rem under the procedure provided by the National Prohibition Act, and such procedure must be complied with in order to divest the owner of his title. The procedure provided is not merely directory and cumulative, but is jurisdictional. This statute gives a new power, a power to divest title from the owner of property, and the statute provides means of enforcing such power, which is controlling. Franklin Glass Co. v. White, 14 Mass. 288. Under various acts of Congress, property may be seized. Each act has a procedure applicable to its provision. Under Act March 2, 1799, 1 Stat. 678, 3 Fed. Stat. Annot. 95, the right to libel was absolute, and not dependent upon statutory conditions and restrictions; and the return of a car used in violation of Act June 22, 1874, § 17 (Comp. St. § 10132), could not be decreed prior to a declaration of forfeiture. U. S. v. One Certain Locomobile (D. C.) 242 Fed. 998. Act June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7678f), gives the owner the right to petition a restoration any time before condemnation proceedings have been instituted. Under the acts, supra, the disposition of the property is decreed upon trial after seizure on process duly issued.

By the provisions of section 26, supra, the vehicle after seizure may be instantly returned to the owner, upon execution by him of a bond to produce the property at the criminal trial, and disposition must be decreed upon the trial of the criminal case. Forfeiture by original seizure depends upon the statute. Congress may declare the forfeiture absolute upon seizure, or make the forfeiture depend upon conditions. U. S. v. Stowell, 133 U. S. 11, 10 Sup. Ct. 244, 33 L. Ed. 555. The Congress may provide for the seizure of the vehicle at any time, for having offended, but before any forfeiture can be decreed, the jurisdictional facts as outlined by the statute must be present, and the statutory provision must be in harmony with the taking or detention. U. S. v. Two Hundred and Sixty-Seven Gold Pieces and One McLaughlin Automobile (D. C.) 255 Fed. 217.

Section 26, supra, expressly providing that the vehicle shall be taken while in the act of illegal transportation, and the vehicle in issue not being so taken, the subsequent taking without process was without warrant of law. An order decreeing the return of the vehicle and exonerating the owner's bond may be presented.