# UNITED STATES

### v.

# FELIPE ALVAREZ AND VICENTE DOMENICH.

---

San Juan, Criminal, No. 1528.

RULE TO SHOW CAUSE AGAINST ROSA ROSARIO.

Volstead Act—Seizure of Automobile.
> 1. The Volstead Act is to be strictly construed, but this does not mean that the automobile accused of carrying liquor can only be arrested by the policeman at the time. It may be the policeman cannot act afterwards, but process may issue by the district court for that purpose.

Volstead Act—Possessor.
> 2. Notice must be issued not only to the owner but to the possessor of the automobile as to the pending proceedings.

Opinion filed March 24, 1921.

---

*U. S. Attorney Martin* for plaintiff.

*Mr. John L. Gay* for defendant.

---

NOTE.—On construction and effect of provisions in Volstead Act for confiscation of vehicles, see note in 10 A.L.R. 1556.

United States v. Alvarez.

HAMILTON, Judge, delivered the following opinion:

This case comes up upon the answer or return of Rosa Rosario. She admits the principal facts in the case, that she is the owner of the automobile in question, but says that the automobile was not arrested or seized by the government at the time of the act complained of and, in fact, at the time of the answer, and I presume at the time of the notice the automobile was not in her possession. It is in the hands of one Hernández, her surety on the note given to buy the automobile. It seems that she bought it for a certain sum, upon which some $40 remains due, and Hernández was her surety on that note. So that the actual facts presented are these: Here is an offense committed, we will say, by the automobile. The automobile was not seized at the time of the offense, under § 26 of the Prohibition Law, the Volstead Act. It has never been seized since and it is now not in possession of the person before the court, but of someone else, a third party, who is said to claim an interest in it.

Now, there are two questions that come up. In the first place, is there any offense which can be visited upon the automobile under the circumstances of the case? That is to say, does the seizure have to be at the time of the offense? because if that is true and is not done, it never can be remedied. The offense was on a certain fixed date and a seizure now would not be a seizure on that date. Does the seizure have to be effected at that time? If so, the defendant and the automobile will have to go without day, because the omission on the part of the policeman would be fatal, there could be no offense to punish afterwards. That is one question. The other question is, whether

United States v. Alvarez.

the court can proceed under the present circumstances with neither automobile nor possessor before it.

As to the first, I am cited to a case of the United States v. Hydes, in 267 Fed. 470, which says that the law must be strictly construed in regard to the offense and that the seizure of the machine afterwards without process is invalid. How far in the mind of that court the words "without process" were controlling I do not know. Suppose it had been seized by process? Would that have helped the matter? To decide that we have to get at what is the offense in question. Does the offense consist of two things, carrying the liquor and having the policeman take possession of the automobile? Are those two things necessary to the offense? That would look like contradiction in terms. The offense was carrying the liquor, the arrest by the policeman was with the object of getting the automobile before the court. It may well be that the policeman cannot act afterwards, that his power is exhausted when the offense is committed, if he does not act then he has not the power to do so afterwards. But does the power of the law become exhausted? A section of the Prohibition Law defines the object of the law, which is to prevent the use of what is declared to be intoxicating liquor as a beverage. If that be so, I hardly can agree with my brother in North Dakota that the law is to be strictly construed to the extent of requiring contemporaneous arrest of the automobile. It is to be strictly construed in one sense. Everything required by a law must be carried out, but every physical act required cannot be set out in any law, even the civil law, which professes to write out every thing; but even the civil law does not go into all that usually an officer must do. My opinion would be that the automobile may be seized by process afterwards, and the ques-

United States v. Alvarez.

tion arises whether this is such a case for such process. The case is now in this court. The arrest, if there is to be any, is from this court. It has passed out of the hands of the policeman and all local courts. And the question arises then, Shall this court direct the seizure of the automobile? I think if it remained in the hands of the defendant, that could be done. I see nothing gained by bringing the defendant here and letting the automobile which committed the offense go free. The automobile is still within the jurisdiction of this court, still within this district, and it certainly would not be advancing the object of the Prohibition Law to say that when that is true, when the automobile may be right out in front of this building, this court's power is exhausted in what the Supreme Court has declared to be the law of the land. It seems that would be worse than sticking in the bark, it would be refusal to carry out the manifest policy of the government. Whether one agrees with that policy or not, the law is there and the policy is clear, so it seems to me that this court could issue that process for the seizure of the automobile.

That brings up a separate question. It seems that the automobile is now in the actual possession of somebody named Hernández, and I have only the statement of the owner as to what claim Hernández has to it. It is not in the owner's possession. I think I would have to bring Hernández before me. I do not see any other course. It is true it is a matter of but $40, but the $40 is an important matter to the defendant, and the principle is an important matter to the government. I am not sure how far I have the right to control the policy the government should pursue, but if the government applies for it, I ought to issue a process for the seizure

United States v. Alvarez.

of that automobile, a rule to this Hernández or whatever party or person else is in possession, to show cause why it should not be declared forfeited.

The motion to dismiss is denied, and process will be issued. It is so ordered.