## DALE et al. v. HARTSON, Collector of Customs.

(District Court, E. D. Washington, N. D.   May 2, 1923.)

### No. 4202.

1. **Customs duties ⬯130—Nature of forefeiture proceedings.**

    Forfeiture under Tariff Act Sept. 21, 1922, § 603, is a summary proceeding to divest the owner of title to property, and the statute must be strictly construed.

2. **Customs duties ⬯126—"Seizure" of automobile containing intoxicating liquors must be free from concealment to bar claims by owner of car; "open."**

    Seizure of an automobile containing intoxicating liquors of foreign manufacture must be "open," which means visible, free from concealment, and not constructive and imaginary, and the indorsement and delivery of the receipt of a garage, where the automobile was stored by a prohibition officer, to a deputy collector of customs, did not constitute a "seizure," under Treasury Regulations 1915, art. 909, and the claim of a conditional vendor of the car was not barred by time, under Tariff Act Sept. 21, 1922, § 608 (citing Words and Phrases, Second Series, Open).

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seizure.]

3. **Customs duties ⬯126—The taking of an automobile containing liquor by a prohibition officer, pursuant to the provisions of the National Prohibition Act, not "seizure," under customs law.**

    The taking of an automobile containing liquor by a prohibition officer, pursuant to the provisions of the National Prohibition Act, while the automobile was in a garage, did not constitute a seizure under the customs laws, within the meaning of Tariff Act Sept. 21, 1922, § 608, limiting time for filing of claims to seized property.

In Equity. Suit by Herbert Dale and another against Millard T. Hartson, Collector of Customs, etc. Decree for plaintiffs.

About 9:30 p. m., December 11, 1922, in the Main Avenue Garage, Spokane, Washington, city police officers found the automobile in issue containing bottled whisky in sacks, upon which bottles were labels denoting foreign manu-

---

.facture. Thereupon the car, with the whisky, was taken to the police station, and the whisky delivered to' the desk sergeant. No arrest was then nor has since been made. The following day the prohibition officers took possession of the car and stored it in a garage, taking a receipt therefor.

The car was sold on the 8th of October, 1922, on conditional sale contract, for $1,925, by the plaintiffs. The car had not been used much. "The paper which is on the running board when it comes from the factory was not yet worn off." The balance due on the car at the time and now is $1,325, together with interest. The value placed on the car upon the trial by automobile dealers was from $1,200 to $1,500. It was appraised by the customs department at $900. This value was predicated upon the "automobile bluebook."

December 12, 1922, plaintiffs inquired of the prohibition agent at Spokane and the United States attorney's office what disposition would be made of the car, and advised them of the interest it had in the car, and was told by the prohibition agent' that the matter would be turned over to the office of the United States attorney, and would no doubt come before the United States court for decision, and was advised by the office of the United States attorney that attorneys for the plaintiff would be advised when it was determined what disposition of the car would be made.

On January 8, 1923, attorneys for the plaintiffs were advised that it had not been definitely determined what course would be pursued. On February 8, 1923, the United States attorney was advised that the deputy collector of customs on January 6th seized the car, and had published notice of sale. At this time, the time for filing claims (section 608, Tariff Act [42 Stat. 985]) had expired. The seizure is claimed to have been made by the delivery of the receipt for the car, indorsed by the prohibition agent to the deputy collector of customs. The collector through his deputy did not take "open, visible possession" of the car. The deputy says that he told the owner of the garage that he had the receipt, but the garage owner disclaimed any knowledge of such conversation.

The plaintiff contends that there was no lawful seizure; that prerequisite to the right of summary sale (section 603, Tariff Act [42 Stat. 984]) was not followed; that notice was fatally defective; that no lawful appraisement was made; that the value of the car was in excess of $1,000.

C. D. Randall, of Spokane, Wash., for plaintiffs.

Frank R. Jeffrey, U. S. Atty., of Spokane, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] The forfeiture is a summary proceeding to divest the owner of title to property by virtue of power given under the Tariff Act, which confers the power and provides means for enforcing such power, and must be strictly construed, and such provision is controlling. In U. S. v. Hydes (D. C.) 267 Fed. 470, at page 471, I said:

"Under various acts of Congress, property may be seized. Each act has a procedure applicable to its own provision. Under Act March 2, 1799, 1 Stat. 678, 3 Fed. Stat. Annot. 95, the right to libel was absolute, and dependent upon statutory conditions and restrictions, and the return of a car used in violation of Act June 22, 1874, § 17 (Comp. St. § 10132), could not be decreed, prior to a declaration of forfeiture. U. S. v. One Certain Locomobile (D. C.) 242 Fed. 998. Act June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7678f), gives the owner the right to petition in restoration any time before condemnation proceedings have been instituted."

By the provisions of section 26 (National Prohibition Act, tit. 2, 41 Stat. 315), the vehicle after seizure may be instantly returned to the owner upon execution by him of a bond to produce the property at the criminal trial, and disposition must be decreed upon the trial in the criminal case.

Under section 608, supra, a party can file his claim and bond and determine the right to forfeit at formal hearing. Article 909, Treasury Regulations, 1915, provides:

"To constitute a valid seizure there must be an open, visible, possession claimed and authority exercised by the seizing officer; the parties must understand that they are dispossessed, and that they are no longer at liberty to exercise any control over the property."

[2] The purpose of this provision is obvious when the various remedies provided under the several statutes providing for forfeiture are considered. If the deputy collector had seized the automobile and possession had been free from concealment, not constructive and imaginary, not merely nominal, but open, exclusive, exposed to view, the plaintiffs would have been advised in January as to the disposition to be made, and could have presented its claim, and not been foreclosed of all claim without a hearing. The jurisdictional facts as outlined by the statutes must be pursued, and the taking and detention must be in harmony with the provisions of the law. U. S. v. 267 Gold Pieces (D. C.) 255 Fed. 217. "Open" means visible, exclusive, exposed to view, free from concealment, not constructive and imaginary, not merely nominal. 6 Words and Phrases, 4983.

[3] The indorsement and delivery of the receipt for the automobile to the deputy collector of customs did not constitute a seizure. Josefa Segunda, 10 Wheat. 312, 6 L. Ed. 329; Silver Spring, Fed. Cas. No. 12,858; The Fideliter, Fed. Cas. No. 4,755. Nor was the taking of the automobile by the prohibition officer pursuant to the provisions of the National Prohibition Act, because the automobile was not offending when taken. U. S. v. Hyde, supra.

Decree for the plaintiff.