The report of the special master is approved.

---

### UNITED STATES v. BIERD et al. (BIERD, Intervener).

(District Court, W. D. Washington, N. D.   January 8, 1924.)

No. 7178.

Intoxicating liquors ⬡⟲246—Car used in transportation held lawfully seized.

That an automobile, which was being used in the unlawful transportation of liquor, which was still therein, had been disabled, before it was seized by prohibition agents, and was not then moving, *held* not to render the seizure unlawful.

Criminal prosecution by the United States against R. A. Bierd, alias Joe Bierd, and Ernest Kruse, with Richard E. Bierd, doing business as the Automatic Machine Works, intervening. On order to show cause why automobile should not be forfeited to United States.

On September 2, 1922, the defendant Bierd was arrested by police officers of the city of Seattle while he and defendant Kruse were transporting liquor over the streets, in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in a Hudson coupé automobile. Kruse escaped, but was later arrested. Kruse was convicted of transportation of intoxicating liquor. At the time of the arrest of Bierd, United States agents were summoned by the city officers and arrested the car, in which were, at the

⬡⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

time, a number of cases of liquor. Prior to the arrest, and during pursuit by the city officers, the defendants, speeding through the streets, ran the automobile into the curb and broke both its front wheels. The federal agents took possession of the car and liquor, and phoned to the garage where seized automobiles were stored by the government, to have the same taken to the garage. A representative of the garage came and took possession of the car, and placed the front end upon planks and moved it for some distance, but, being unable to tow the car unaided, went back to the garage for assistance. Upon his return he found that some one had stolen the car. Some time thereafter the car was found in the garage of the defendant Kruse, and again taken by federal agents in behalf of the United States. A mortgage had been foreclosed, executed by Kruse upon the car after it had been seized by the federal agents in the first instance, and the car sold to Frank Olmsted, a Seattle police officer, at sheriff's sale. Richard E. Bierd, a brother of the defendant Bierd, intervenes, claiming a prior lien upon the car for mechanical work performed in repairing the car. Olmsted, who purchased the car at the sheriff's sale, appears and represents himself to be the owner of the same. Upon stipulation a bond was filed and car released. The matter is before the court upon the order to show cause why the automobile should not be forfeited to the United States and sold.

Thomas P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

George E. Mathieu, of Seattle, Wash., for intervener Bierd.

Daniel Landon, of Seattle, Wash., for claimant Olmsted.

NETERER, District Judge (after stating the facts as above). The claimant Olmsted asserts that he is an innocent purchaser. The intervener Bierd and Olmsted assert that the car was not taken while in the act of transporting liquor, and that the federal agents had no right to arrest the car or take it into their possession under a claim of forfeiture, and cite The Goodhope (D. C.) 268 Fed. 694, and U. S. v. Hydes (D. C.) 267 Fed. 471.

The car clearly was seized while in the act of violating the law. While at the time it was taken it was not moving, because its front wheels were broken, yet it had been moving, and the liquor was still within its tonneau, and it was taken possession of by the federal agents while in this status. In the Hydes Case, supra, the car was not arrested until some 10 days after the act of transportation. The Goodhope has no application, since that forfeiture was sought under a provision of the statute other than the Prohibition Act, and the court held that such provisions had no application to seizure under the Prohibition Act.

Decree accordingly.