## Taylor, et al. v. Commonwealth.

(Decided December 17, 1926.)

### Appeal from Scott Circuit Court.

1. Intoxicating Liquors—Automobile Held Not Subject to Forfeiture, where Evidence Does Not Show Transportation or Finding of Whiskey Therein (Ky. Stats., Supp. 1926, Section 2554a-12).— Forfeiture of automobile, under Ky. Stats., Supp. 1926, section

2554a-12, held unwarranted, where evidence failed to show transportation or finding of any whiskey in automobile.

2. Criminal Law—Defendants, Tried Together, Held Entitled to Separate Instructions After Preparation of Separate Instructions for One Defendant.—Where defendants are tried together and separate instructions were prepared for one defendant, other defendants were entitled to have case submitted under separate instructions.

3. Criminal Law—Court Must Prepare Instructions.—It is duty of court to prepare instructions and not the jury.

4. Intoxcating Liquors—Evidence Held Not to Sustain Conviction for Transporting Liquor.—Evidence held insufficient to sustain conviction for transporting intoxicating liquor.

5. Criminal Law—Suspicious Circumstances are Not Proof of Guilt.—Suspicious circumstances do not constitute proof of guilt beyond reasonable doubt.

KING SWOPE and L. F. SINCLAIR for appellants.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This is an appeal from a judgment of the Scott circuit court rendered upon a verdict finding the appellants, whom we shall call the defendants, guilty of unlawfully transporting intoxicating liquor and sentencing each of them to serve 30 days in jail and to pay a fine of $100.00. The evidence upon which the defendants were convicted, briefly stated, is: Once upon a time (this expression is used because a careful examination of the transcript of evidence shows that no time whatever is fixed for the commission of the offense herein charged) a Dodge car, driven by Dave Strider, and belonging to Buckner Morris, and a Cadillac car, also belonging to Buckner Morris, and driven by Tom Hood, were seen coming into Georgetown, Kentucky, at about two o'clock a. m. On examination it was discovered by the police officers of the city of Georgetown that the Dodge and Cadillac cars had parked on College street, and that the Dodge car was disabled and was being towed by the Cadillac. The officers searched the Cadillac and the Dodge and found 95 gallons of moonshine whiskey in the Dodge and about a pint in the Cadillac. They arrested Hood, the driver of the Cadillac, on the spot. Buckner Morris, the owner of

the Cadillac and the Dodge, surrendered himself later, as did Dave Strider, the driver of the Dodge. Strider, Morris and Hood were all convicted in the police court in the city of Georgetown; the Cadillac and Dodge were ordered confiscated. At the time the officers arrested Strider, Morris and Hood, they also walked a short distance behind the Dodge and Cadillac and arrested the four defendants, who were sitting in a studebaker touring car, belonging to the defendant, Asa Taylor. The officers searched the Studebaker car, in which defendants were traveling and in which they were at this time seated, and it was found to contain no whiskey whatever. However defendants were taken into custody and tried in the Georgetown police court on warrants charging them with the unlawful transportation of intoxicating liquor, and convicted and sentenced to pay a fine of $100.00 each and serve 30 days in the county jail. They appealed to the Scott circuit court and were tried in that court, and although there is no evidence in the record to show that they, either directly or indirectly, transported that whiskey, they were convicted, and although the car of the defendant, Asa Taylor, to-wit, a Studebaker touring car, contained no whiskey, and no evidence was adduced to show that it ever had transported any whiskey, or contained any, it was on oral motion of the Commonwealth's attorney ordered by the court confiscated and sold, and from that order, as well as the conviction of the defendants, this appeal is prosecuted. Reversal of these judgments is requested on the following grounds: (a) That the trial court was without jurisdiction to order the sale of the automobile; (b) that the record does not show the date of the offense, or that it occurred within the limitation of one year; (c) that the court erred in instructing the jury, and (d) that the evidence was not sufficient to support the verdict. a. Section 2554-12, Kentucky Statutes, authorizes the sale of an automobile seized because it contains whiskey, upon conviction of the person charged with unlawful possession. "The court upon conviction of the person so arrested shall order the liquor destroyed and shall order a sale by public auction of the property seized." There was no proof that the defendant, Asa Taylor, transported any whiskey at all, and the proof is that he never had transported any whiskey in that Studebaker automobile, that no whiskey was found in the Studebaker automobile on that occasion, and that

the defendant, Asa Taylor, was exercising no authority or jurisdiction over the Cadillac or the Dodge; or, even if he had been, it would not have justified the court in ordering the forfeiture of the Studebaker automobile, as was done in this action. It will be seen by comparison that section 2554a-12 is copied almost word for word from section 26 of title II of the National Prohibition Act, 41 Stats. L. 315, which, in part, provides as follows:

"When the commissioner, his assistants, inspector or any officer of the law shall discover any person in the act of transporting in violation of the law intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer, he shall take possession of the vehicle, and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. . . . The court, upon conviction of the person so arrested, shall order the liquor destroyed, and, unless good cause to the contrary is shown by the owner, shall order a sale at public auction of the property seized."

The United States courts have been holding the prosecution to a strict interpretation of the section above referred to, and the same being almost identical with the Kentucky section with reference to forfeiture of automobiles. The United States courts have almost universally held that the law means exactly what it says; that is, that the officer must not only discover the person in the act of illegally possessing or transporting in violation of the law, but that the liquor must be in the vehicle so seized. As stated by Judge Neterer, in the case of United States v. 267 Twenty Dollar Gold Pieces, 255 Fed. 217: "A statutory power to divest the owner of title to property is here enacted, and I think the mode of procedure prescribed by the act creating this power is complete and must be strictly construed, and that the provisions are mandatory as to the essence of the thing to be done." In the case of United States v. Slusser, 270 Fed. 818, Judge Peck, district judge of the southern district of Ohio, western division, said, on page 820 of the opinion: "The

forfeiture of an automobile, under the 26th section of the Volstead law, must be in strict pursuance to the terms thereof." Citing U. S. v. Hydes, 267 Fed. 470, the Good Hope, 268 Fed. 694, the following are essential: "First, that an officer of the law discover some one in the act of illegally transporting liquor in a vehicle; second, the seizure of the liquor so transported or possessed; third, the seizure of the vehicle and the arrest of the person." It will be seen from those decisions construing section 26 of the National Prohibition Act, which is almost identical with section 2554a-12 of the Kentucky Statutes, that the policy of the courts is to require not only the conviction of the owner or operator of the car as a condition precedent to forfeiture of a car, but also that the liquor must be seized in the car so forfeited. We have adopted a similar construction of the next succeeding section of our statutes: "Only so much of the property, however, as is connected with the nuisance may be forfeited. Rickman v. Commonwealth, 204 Ky. 848, 265 S. W. 452." (b) At no place in the whole testimony in this case was any time fixed for the alleged violation of the prohibition law. No date whatever is given, no month or year. The Commonwealth showed that this arrest was made the day before the warrants were issued. Those warrants were dated May 6, 1926, but there is nothing to show that they were ever read to the jury.

(c) Complaint is further made that the court erred in not naming individually each of these appellants in the instructions, but added a paragraph to the Asa Taylor instructions, instructing the jury as follows:

> "The instruction as to each of these defendants separately is the same as the one headed Commonwealth v. Asa Taylor, except the necessary changes as to the name of the defendant to whom the instructions refer."

These defendants were all tried together and the court might have submitted the case to the jury under instructions naming all of the defendants; but having prepared a separate instruction for Asa Taylor, each of the other defendants was entitled to have his case submitted under a separate instruction, we do not decide, however, whether or not the attempt to apply the instructions upon the charge against Asa Taylor to the other defendants by this reference was a reversible error. This was equiva-

lent to saying to the jury, "You will prepare the instructions for the other three defendants, using the Asa Taylor instructions as a model." It is the duty of the court to prepare the instructions, not the jury.

(d) This verdict is flagrantly against the evidence. The facts in this case are as consistent with the innocence of these defendants as it is with their guilt. Suspicious circumstances do not constitute proof of guilt beyond a reasonable doubt. In the case of Stafford v. U. S., decided by the United States circuit court of appeals for the sixth circuit, 300 Fed. 537, the court was passing upon the guilt of the plaintiffs in error with reference to transporting intoxicating liquor, conspiracy to transport it, aiding and participating in the commission thereof. In that case, the driver of the car in which the liquor was contained was convicted. A companion who was riding with him was also convicted. The court in reversing that conviction, said:

"The fact that he was riding in the car with Stafford is a suspicious circumstance; but suspicious circumstances do not constitute proof of guilt beyond a reasonable doubt. On the other hand, he may not have had any knowledge whatever as to the contents of the car, and for that matter, may have been an entire stranger to Stafford and riding in the car at his invitation.

"In the opinion of this court, the evidence offered on the part of the government in this case is not sufficient to furnish a substantial basis for a finding by the jury, beyond a reasonable doubt, that Shelton had entered into a conspiracy with Stafford for the commission of this offense, or that he was aiding or participating in the commission thereof."

There is no evidence in this record that Mary Turner, Sanford Turner or Sarah Taylor had any knowledge that Dave Strider, Buckner Morris and Tom Hood were transporting intoxicating liquor. There is no evidence that they did anything to accomplish the transportation of the intoxicating liquor, aided or abetted in any way, and the only evidence against them is that they were riding in Asa Taylor's Studebaker, in which no whiskey was found. There is no evidence against Asa Taylor, except that he was riding behind the Dodge and the Cadillac on this occasion, and the defendants explain that by saying

they did not know the road and were following the Cadillac car for that reason. They claim the Cadillac car was hailed by the driver of the Dodge, who had run out of gas, and that the driver of the Cadillac agreed to tow the Dodge into town, and in this way they accounted for being with the truck. This evidence creates a suspicion of guilt, but that is all.

The judgment is reversed.