**UNITED STATES v. PIERSON.**

No. 41108.

District Court, W. D. Washington, N. D.

Nov. 18, 1930.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Paul D. Coles, of Seattle, Wash., for defendant.

NETERER, District Judge.

By expressed provision of section 26, tit. 2, National Prohibition Act (27 USCA § 40), the transporting vehicle must be seized by officers making the arrest. Separate proceeding to forfeit is not required. Every office of a separate forfeiture proceeding is provided by section 26, supra, and the vehicle being in custodia legis, the court shall, unless good cause be shown, sell the same. The statute gives a new power, a power to divest title of the offending thing from the owner, and the statute provides the means of enforcing such power. Franklin Glass Co. v. White, 14 Mass. 288.

In United States v. Hydes, 267 F. 470, at page 471, this court said:

"Under various acts of Congress, property may be seized. Each act has a procedure applicable to its provision. Under Act March 2, 1799, 1 Stat. 678, 3 Fed. Stat. Annot. 95, the right to libel was absolute, and not dependent upon statutory conditions and restrictions; and the return of a car used in violation of Act June 22, 1874, § 17 (Comp. St. § 10132), could not be decreed prior to a declaration of forfeiture. U. S. v. One Certain Locomobile (D. C.) 242 F. 998. Act June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7678f [22 USCA § 240]), gives the owner the right to petition a restoration any time before condemnation proceedings have been instituted. Under the acts, supra, the disposition of the property is decreed upon trial after seizure on process duly issued.

"By the provisions of section 26, supra, the vehicle after seizure may be instantly returned to the owner, upon execution by him of a bond to produce the property at the criminal trial, and disposition must be decreed upon the trial of the criminal case. Forfeiture * * * depends upon the statute. Congress may declare the forfeiture absolute upon seizure, or make the forfeiture depend upon conditions. U. S. v. Stowell, 133 U. S. 11, 10 S. Ct. 244, 33 L. Ed. 555."

See, also, U. S. v. Two Hundred and Sixty-seven Gold Pieces (D. C.) 255 F. 217.

The Supreme Court, in Port Gardner Investment Co. v. United States, 272 U. S. 569, 47 S. Ct. 165, 71 L. Ed. 412, and in Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, has held that on conviction of transportation of intoxicants, the provisions of section 26 become

mandatory and furnish the exclusive remedy for forfeiture of the offending vehicle. And, also, in Richbourg Motor Co. v. United States, 281 U. S. 528, at pages 534, 535, 536, 50 S. Ct. 385, 387, 74 L. Ed. 1016, says:

"But the prescription in detail, by title 2, § 26 (27 USCA § 40), whenever transportation is involved, of successive steps to be taken, which, if followed, lead unavoidably to forfeiture under that section and no other, with the important consequence of protecting the interests of innocent third persons, suggests a definite purpose to make the protection effective by bringing all forfeitures in such cases under its controlling provisions.

"The objective of title 2, § 26, is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transportation, to the limited extent specified in the section. Every act which it enjoins on public officials is directed to that end. * * * Such * * * seizure require the government to proceed for forfeiture of the vehicle under title 2, § 26," which provides that, "the court upon conviction of the person so arrested shall order * * * unless good cause * * * is shown * * * a sale * * * of the property seized."