STATE *v.* HERMAN HUGHART *et al.*

(No. 6867)

Submitted February 10, 1931. Decided February 17, 1931.

136

*A. M. Belcher,* for plaintiffs in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LIVELY, JUDGE:

Proceeding under chapter 32-A, section 14, Barnes' Code, the prosecuting attorney of Mason County instituted proceedings to forfeit to the state a Chrysler automobile used as a pilot or scout for an automobile actually containing liquor. Defendants complain of the lower court's judgment of confiscation and order of sale, contending that since the scout car contained no liquor it is not subject to the provisions of the statute cited. .

The only facts before this Court are contained in the written opinion of the court below. In April, 1930, Herman Hughart, driving a Chrysler car through Mason County was stopped by officers who examined his car but found no liquor therein; but while the officers were questioning Hughart, a second car containing a quantity of liquor drove up to the rear of the Chrysler car, and the occupants, perceiving that Hughart was under arrest, abandoned the second car and attempted an escape. Upon their capture, they charged Hughart with the ownership of the liquor and swore that he (Hughart) used the Chrysler automobile as a pilot car and actively participated in the transportation of the liquor from Akron, Ohio. Hughart was indicted and convicted of violating the prohibition laws. Immediately thereafter, proceedings were instituted to forfeit and sell the Chrysler automobile driven by Hughart at the time of his arrest, in which it developed that the car was registered in the name of Buford Jarrell, a woman residing in Charleston; that she and Hughart had been engaged for some time in selling liquor and had employed the car proceeded against in .the furtherance of their business. The car was ordered to be sold by the sheriff, and defendants seek a reversal of that order.

Persuasive of defendants' contention, counsel cite several federal decisions predicated upon the national prohibition laws, *Taylor* v. *Commonwealth,* 217 Ky. 278, *Underwood* v. *State,* 115 S. E. 919 (Ga.), and *Boswell* v. *State,* 82 Okla. 142, 198 Pac. 988. The language of the federal law (Title 27, sec. 40, U. S. C. A.), and the Kentucky statute (sec. 2554a, 12 Ky. St. Supp. 1926) provides for confiscation of an automobile when used in "transporting" intoxicating liquors therein. Likewise, the Oklahoma statute (Session Laws of Okla., 1917, c. 188, sec. 1), provides for forfeiture of automobiles used in hauling or transporting liquors. The language of our statute, the original enactment of which antedates national prohibition and the Volstead Act, is different from that used in the federal, Kentucky, and Oklahoma statutes; and just as the decisions of those jurisdictions were based upon the language of the respective statutes, so must ours. The Georgia case cited is not in point. The act referred to in that decision (Acts, Ex. Sess., 1917, p. 7; Ga. Code Ann.1926, sec. 448 (36), Penal Code) merely provided that it was unlawful to transport, ship, or carry intoxicating liquors; and nothing was contained in that section which related to the confiscation of automobiles, etc. The question in that case was whether the law of conspiracy could be applied to an automobile. Our statute herein considered precludes such a question.

That portion of our statute which relates to the forfeiture and confiscation of cars used in violating the prohibition laws read thus:

"All automobiles, cars, boats, (other than railway cars, street cars and steamboats), wagons, water and aircraft, beasts of burden, or vehicles of any kind that are *used to bring or carry liquors into the state,* or from one place to another within the state, or that are known or found to contain liquors while in, on, or operating upon any street, alley, road, highway, or water course or stored in any garage or other storage place, or in any other place, whether such liquors are in possession of passengers or occupants of any such vehicle or otherwise, shall be subject to seizure, forfeiture, and confiscation by the state."

138

In construing a statute, the intent of the legislature is the vital element, and the primary rule of construction is to ascertain and give effect to that intent. (Lewis' Sutherland Stat. Construction, Vol. II, sec. 363). It is presumed that the legislature had a purpose in using every word and clause of a statute and intended them to be effective so that an interpretation of a word or clause which makes it a mere repetition of another word or clause in the same statute is unsound. *State* v. *Harden,* 62 W. Va. 313. The statute in question provides for confiscation of all cars (1) "used to bring or carry" liquors into or within the state *or* (2) known or found to contain liquors while in, on, or operating upon any street, etc. It is to be noted that the two clauses are connected by the disjunctive word "or", and that the alternative clause provides specifically for confiscation of those vehicles which *actually contain liquors;* hence, to uphold the contention of defendants would necessitate the violation of a rule of statutory construction. But aside from this reasoning and looking to the language of the first clause and the spirit of the act, we are of the opinion that the conclusion reached by the court below is sound. The term "used to bring" denotes more than the mere carriage of liquors and includes the idea of "lead" and "conduct". Vol. I, New English Dictionary, p. 1107. To catch the full meaning of the term we look to the reason for the statute, for a statute is always construed in the light of the purpose for which it was passed and the evil it was designed to remedy. *State* v. *Patachas,* 96 W. Va. 203, 207. Clearly, the statutory provisions for penalties for violation of the prohibition laws seek the eradication of the illegal trafficking of intoxicating liquors. An automobile used for the purpose of leading or guiding a vehicle actually carrying liquor is as effective in its employment and is being "used to bring" liquor to a given destination as much so as the actual purveyor of the contraband. Each is engaged in and contributes to an attempted successful result of a common enterprise. The scout car may, in fact, be able more easily by ruse and connivance to ward off suspicion from those actually carrying liquors and thus effect a violation of the law and thwart the very purpose of the statute.

The language is unambiguous and clearly excludes any connotation that the provisions of the act are limited to vehicles in which liquors are being carried.

Counsel for defendants rely, in part, upon the wording of the sentence following the quoted portion of the statute which requires officers to seize any vehicle that is being used as a container or conveyance of liquor, whether the liquor is in the actual custody of the occupants of the vehicle of conveyance or otherwise. The legislative mind was directed in the first sentence to the particular matter of defining those vehicles which were subject to confiscation; whereas, in the second sentence reference to vehicles to be seized was merely incidental to the aim of the provision. In such a case, the provisions of the section which treat particularly of a matter will prevail over provisions in which only incidental reference is made thereto. *Long.* v. *Culp,* 14 Kans. 412, syl. pt. 4.

Being of the opinion that the conclusion of the learned judge is within the letter and spirit of the statute, we affirm the judgment of the court below.

*Affirmed.*