## UNITED STATES v. SPALLO.
### No. 10498.

District Court, W. D. Missouri, W. D.
March 10, 1931.

Claude Curtis, Asst. U. S. Atty., of Kansas City, Mo. (Wm. L. Vandeventer, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Frank D. Rader, of Kansas City, Mo., for defendant.

Hershel H. Goodman, of Kansas City, Mo., for intervener.

OTIS, District Judge.

On January 15, 1931, one Phillip Spallo was indicted by the grand jury in this district for the unlawful transportation for beverage purposes of four pints of whisky in a Ford coach automobile, motor No. A–3059124. On the 30th day of January, 1931, he entered a plea of guilty to that charge and was sentenced to the payment of a fine. At the time of his plea it was shown to the court and admitted by the defendant that at the time of defendant's arrest he was, as charged, transporting whisky in the automobile in question; that the automobile was seized by the officers at the time of the arrest of the defendant; that it had since been held in custody; and that the defendant was, at the time of his arrest and at the time also of his conviction, the sole owner of the automobile. After this showing and upon oral motion of the United States attorney and coincident with the imposition of sentence on the defendant, the automobile was ordered sold pursuant to the provisions of section 26, tit. 2, of the National Prohibition Act (27 USCA § 40). Thereupon the defendant filed and presented his motion for the return of the automobile to him, setting up as grounds for said motion the following:

1. That no libel suit or separate proceeding of any kind has been instituted asking for the forfeiture of said automobile under title 2, section 26, of the National Prohibition Act.

2. That the court does not have jurisdiction to forfeit said car as an incident to criminal prosecution and plea of guilty or conviction of defendant by ordering car sold without having first instituted a separate proceeding for the forfeiture or libel of said car.

3. That the court has no jurisdiction to forfeit or order said car sold as an incident to criminal prosecution for the reason that, this being an action in rem, a proceeding must first be had in rem and said forfeiture or order selling said car based on a proper libel action.

4. For the reason that the libel proceedings herein are insufficient and do not comply with the law.

5. That the court has no jurisdiction to forfeit said car without a proceeding in rem or proper libel instituted against said car and the ordering for sale or forfeiture of said car without said proceedings and as an incident to the criminal prosecution herein, is a violation of the defendant's constitutional rights, in this, that it takes the property of the defendant without due process of law as provided in Amendment 14 to the Constitution of the United States.

The procedure adopted in this case was that which always has been followed in this district and which heretofore has not been questioned by any one. It has been represented to the court that a like procedure is followed in many districts of the United States, but it has also been represented to

the court that in many districts the institution of a separate and distinct action against an offending vehicle is required before the vehicle is ordered sold as provided for in section 26. This information, taken in connection with the present motion, seems to require some further examination of the law to the end that it may be, at least as far as this district is concerned, finally determined what is the right course to pursue in matters of this character.

Two principal questions present themselves: First, what procedure is contemplated by and provided for in section 26? Second, if the procedure intended by that section is the simple one which has been adopted and followed here, then does the section violate the constitutional inhibition against the taking of property without due process of law? I propose to consider both of these questions in this memorandum, although the second question might be avoided as not being properly raised, since it goes without saying that in no event would the Fourteenth Amendment be violated. That amendment prohibits only the taking of property without due process of law by the states, and has no application to the United States. The similar provision, however, of the Fifth Amendment does restrict the power of the United States, and I shall consider the constitutional question as if it had been properly raised with reference to the Fifth Amendment.

1. So far as is here pertinent, section 26, tit. 2, of the National Prohibition Act (27 USCA § 40), reads as follows: "When * * * any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile * * * it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer and he shall take possession of the * * * automobile * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this chapter in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. * * * *"

For the present considering only the language of this statute, laying aside for further consideration all opinions of courts construing it, it seems clearly to authorize the procedure which has been adopted and followed in this district. Indeed I can find no difficulty whatever in the language which is employed. The statute provides that the arresting officer shall seize the automobile at the time of the arrest. That was done here. It provides by necessary implication that, if no bond is given (and none was given in this case), the automobile shall be retained in custody by the arresting officer or by some other officer of the court. It provides that, if a bond is given, it shall be conditioned upon the return of the automobile to the custody of the arresting officer "on the day of trial to abide the judgment of the court." In other words, the statute clearly provides that, whether a bond is given or whether the automobile is retained by the arresting officer, the disposition of the property is to "abide the judgment of the court" "on the day of trial." But the only "trial" contemplated by the language of the statute quite apparently is the trial of the "person arrested," such a trial as under the provisions of the National Prohibition Act will follow if the arresting officer does "at once proceed against the person arrested under the provisions of this chapter in any court having competent jurisdiction." Nowhere in the National Prohibition Act is there any provision for a separate and independent proceeding in rem against a captured automobile. That the disposition of the automobile is "to abide the judgment of the court" "on the day of trial" of the person arrested for the offense of transporting intoxicating liquor is further emphasized by the immediately succeeding

language, "the court upon conviction of the person so arrested * * * unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized. * * * " Here is no other prerequisite required before the order of sale shall be made than that the person arrested shall be convicted, and that by necessary implication he shall, at the time of his trial, upon the charge of unlawful transportation, have opportunity affirmatively to show "good cause," if any he has, why the automobile shall not be ordered sold. That no independent and separate proceeding in rem is necessarily contemplated by the act is still further emphasized by its later language to the effect that, even if others than the arrested person claim to have interests in the captured automobile, those interests are to be asserted "by intervention or otherwise at said hearing or in other proceeding brought for said purpose. * * * " The effect of this additional language is to emphasize what otherwise is the clear meaning of the statute. The words "at said hearing" can have reference only to the previous phrase "the day of trial"; that is to say, the trial of the accused person for unlawfully transporting intoxicating liquor. That "hearing" is, in this additional language, once more indicated as the hearing at which the order of sale may be made, although it is also provided that another and independent "proceeding" may be "brought for said purpose"; that is, for the purpose of securing an order of sale. To say that this statute requires an independent proceeding in rem against a captured automobile with a pleading other than the indictment, with notice to the owner of the automobile, when it is conceded that the indicted person is the owner, with a separate hearing to determine the issue as to whether the automobile seized was being used by its owner in the unlawful transportation of liquor, when that issue is essential and fully determined in the criminal proceeding, is to read into the statute what is not there at all, what, if it had been intended, could so easily have been provided for, and what, if it had been required, would have been an absurd duplication of the same pleading, notice, procedure, and judgment.

Perhaps the Supreme Court of the United States has not directly passed on the question here presented. That court, however, by clear dictum, has said that section 26 requires an order of sale of an automobile seized under the circumstances here as an incident of the trial of the person arrested and not as the result of a separate and independent proceeding.

In United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 158, 71 L. Ed. 279, 47 A. L. R. 1025, the question for determination was whether section 26, tit. 2, of the National Prohibition Act (27 USCA § 40), impliedly repealed section 3450 of the Revised Statutes (26 USCA § 1182). That that question might be answered, it was necessary to determine the exact purpose and effect of section 26. In that connection the Supreme Court said of section 26, in so far as it has to do with the forfeiture of automobiles taken in connection with unlawful transportation of intoxicating liquor, that "under section 26 a person is the offender and the forfeiture of the vehicle extends only to the interests of those who share in his guilt by having notice that it was to be used for the illegal purpose," and again that section 26 "applies solely to cases of forfeiture incident to the prosecution, as therein provided, of a person transporting liquor by a vehicle in violation of the Prohibition Act" and again that section 26 provides "that, in case of conviction of the person, the vehicle shall be sold under conditions and in a manner prescribed." All of this language is inconsistent with the theory of the present motion, that a separate action in rem against the captured automobile must be instituted and prosecuted to judgment. It is the "person" who "is the offender," says the Supreme Court; that is to say, it is the person as distinguished from the vehicle. The forfeiture is "incident to the prosecution," not something that is the result of an independent and separate proceeding. Moreover, the Supreme Court does not read into the statute other provisions than those appearing in it, but says of it that "in case of conviction of the person, the vehicle shall be sold under conditions and in a manner prescribed." The Supreme Court does not suggest that there is any other prerequisite to the order of sale than that the offending person shall have been convicted. I consider that the opinion in this case involves an understanding of section 26 identical with that followed by the practice in this district.

But the case of Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, when that case is carefully studied, seems to me to be conclusive upon the question here.

In that case an action had been instituted under section 3450 to forfeit an automobile, the driver of which had been arrested,

charged with violating the National Prohibition Act by transporting intoxicating liquor; the automobile being seized by the arresting officers. The driver had entered a plea of guilty to the charge of transportation in this automobile. An intervener claiming some title to the automobile contended that in that situation a proceeding under section 3450 would not lie, since the forfeiture of the seized automobile, subject to the rights of innocent third parties, followed as an incident of conviction of the arrested driver and without any separate action taken to forfeit. It is to be noted that no separate proceeding had been instituted in rem against the automobile under section 26 or in connection with the prosecution of the driver for transportation, notwithstanding which the Supreme Court said: "The disposition of the automobile prescribed in section 26 became mandatory after (the driver's) conviction, and, being inconsistent with the disposition under section 3450, necessarily precluded resort to proceedings under the latter section."

The only meaning that can be given to this decision is that an order of sale is mandatory upon the conviction of the offending person, without more, and therefore certainly without any other proceeding directed to the automobile specifically. That conclusion is clear also from a consideration of the affirmative answer given by the Supreme Court to the question propounded by the Court of Appeals, which was, "Did the prosecution of the driver of the car under the National Prohibition Act constitute an election by the government to proceed under section 26 of that act and thereby prevent the forfeiture of the car under section 3450 of the Revised Statutes of the United States?" Certainly if a proceeding, separate and independent from the prosecution of a person, is necessary to accomplish a forfeiture of a car under section 26, then the prosecution of the person could not by itself constitute an election to proceed under section 26 against the automobile. It is only upon the theory that forfeiture under section 26 is incidental to and a necessary resultant of prosecution and conviction of the person (unless good cause be shown for nonforfeiture) that the affirmative answer given by the Supreme Court to the question propounded to it can be justified.

The concluding paragraph of the opinion in this same case further supports the view of the decision just stated. That concluding paragraph is: "We need not determine whether the mere commencement of a proceeding under Section 26 constitutes an election. Nor need we give specific answers to the other questions asked, since the certificate does not disclose any reason why the sale of the automobile, subject to the interests of innocent parties, should not have been ordered by the District Court after the conviction of Neadeau," the driver.

This language can only mean that, in the absence of some reason why a captured automobile should not be ordered sold, some reason arising, not from the statute, but from the facts, its sale should be ordered after conviction and that without any separate and independent proceeding.

2. The attack on the constitutionality of section 26, if it be construed as herein indicated, seems to me without merit. That property used for violation of law may be constitutionally confiscated and sold is, of course, well established. In some instances it may even be summarily destroyed by the seizing officers. Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385. In any event, where property has been used as a means for violating law, it is sufficient to due process in connection with its confiscation that the owner have notice and opportunity to be heard. Section 26 provides both for notice and opportunity to be heard. What more complete notice could there be than the seizure of the automobile to await the trial of the owner for unlawful transportation. At that trial the owner has every possible opportunity to be heard touching his own offense, which must be proved beyond a reasonable doubt, and touching also the participation in the offense of the seized car.

Compare with this case United States v. Pierson (D. C.) 44 F.(2d) 852.

Defendant's motion is denied.